**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3482-17T4

IN THE MATTER OF THE
APPEAL OF THE DENIAL OF
KANG WANG'S APPLICATION
FOR A FIREARMS PURCHASER
IDENTIFICATION CARD.

_____

Submitted January 21, 2020 – Decided February 21, 2020

Before Judges Messano and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. GM-2017-84.

Evan F. Nappen, PC, attorneys for appellant Kang Wang (Louis P. Nappen, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent State of New Jersey (William P. Miller, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Kang Wang appeals from the Law Division order denying his application for a Firearms Purchaser Identification Card (FPIC). Following a hearing, the

judge concluded that "issuance [of an FPIC] would not be in the interest of the public health, safety or welfare[.]" N.J.S.A. 2C:58-3(c)(5).

Wang had initially applied for an FPIC in November 2016. He listed George Frangoulis, someone Wang knew because they had both worked at the same job site in New York City, as one of the two required character references. As part of its investigation, the Oradell Police Department (OPD) contacted Frangoulis. Police Officer Jeff Peters, who was in charge of all FPIC investigations, issued a letter endorsed by Captain William Wicker, denying the application. The stated reason for denial was, "[o]ne of [Wang's] references[,]" Frangoulis, "telephonically made derogatory statements regarding [Wang's] application. Statements are inconsistent with that of a person applying for a firearm."

Wang filed an appeal but withdrew it, deciding instead to file a second application in June 2017. This time, he listed two different character references. In response to the question on the application form whether any prior application had been refused, Wang forthrightly answered that he "was denied an [FPIC] in November 2016 due to a negative reference. The appeal was withdrawn so that I could submit this application with additional reference(s)." The OPD conducted another investigation, which included sending Wang's two new

2

references form letters seeking their input. Police Officer Kyle Costa, who conducted the investigation, later testified that the responses he received raised no concerns.

On August 22, 2017, Officer Peters sent a letter, endorsed again by Wicker, who was now Chief of the OPD, denying the application. The stated reason for denial was "[o]ne of [Wang's] references from [his] previous application telephonically made derogatory statements regarding [his] application. Statements are inconsistent with that of a person applying for a firearm." (emphasis added). The language was identical to that in the 2016 denial letter, with only that which we have emphasized added. Wang filed an appeal pursuant to N.J.S.A. 2C:58-3(d).

At the hearing in the Law Division, Wang, a native of China, testified without an interpreter, and the judge expressed some difficulty in understanding his testimony. At one point, the judge asked if Wang would prefer to testify with the aid of a Mandarin interpreter, but Wang refused, and his attorney never requested that an interpreter be provided. He explained that he wanted to purchase a gun to hunt as a member of the Chinese Fishing and Hunting Association, and he would safely store and transport the gun as necessary.

A-3482-17T4

The State called Frangoulis and Officers Peters and Costa as witnesses. Officer Costa acknowledged that the denial of the 2017 application was based solely on "the prior denial," and he acknowledged that the application would have been otherwise granted, but for the information revealed in 2016. He telephonically informed Wang of the denial.

Officer Peters, who was primarily responsible for the 2016 investigation, confirmed that his check of Wang's background presented no issues. When Frangoulis failed to return the OPD's form letter sent to Wang's references in 2016, Officer Peters contacted Frangoulis by phone. Officer Peters testified regarding that conversation.

Frangoulis testified that he knew Wang because the two worked together at a construction site from March 2014 to January 2016. He was the project manager, and Wang, a civil engineer, was responsible for safety at the site. Frangoulis testified that Wang "ha[d] manifold personalities[,]" was "very volatile[,]" and would yell at people on the job site. Frangoulis refused to be a reference for Wang on the 2016 application, testifying, "I do not trust him with a slingshot." He explained,

> When you talk to somebody and they don't have a certain modicum of stability, then you start wondering and when you're around them for a period of . . . [fifteen] months, you get . . . kind of an assessment of

4

them . . . . I trained with the NYPD, I understand the ramifications of a firearm and the people who handle them. It's a weapon and you have to know how to handle it, you have to be responsible. And I do not think he is of that character.

The judge reserved decision. In a comprehensive oral opinion issued about one month later, relying in large part on Frangoulis's testimony and his own observations of Wang's demeanor in the courtroom during that testimony, the judge denied the appeal and entered the order under review.

Before us, Wang asserts numerous arguments, many of which were never raised before the Law Division. We find none of them persuasive and affirm.

Wang asserts that the judge erred by not requiring the attendance of a Mandarin interpreter, and also that the failure to provide FPIC application forms in multiple languages offends due process and is fundamentally unfair. Regarding the need for an interpreter, Standard 1.2 of Administrative Directive #01-17, "New Jersey Judiciary Language Access Plan" (Jan. 10, 2017), provides: "An interpreter shall be provided to any court user when either that court user or that court user's attorney represents that the person is unable to understand or communicate proficiently in English." Id. at 7 (emphasis added).[1]

---

[1] An administrative directive and its commentary have "the force of law." State v. Morales, 390 N.J. Super. 470, 472 (App. Div. 2007); see also, In re

A-3482-17T4

As already noted, Wang and his counsel refused the judge's offer. Moreover, there is nothing in the record, except the judge's request on more than one occasion that Wang testify more slowly, that indicates the judge could not understand the testimony.

Regarding the application forms, Wang never raised the argument in the Law Division, nor is there any indication he raised it with the New Jersey State Police, the administrative agency that by regulation oversees the application process. We refuse to consider it for the first time on appeal. See State v. Witt, 223 N.J. 409, 419 (2015) ("For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'") (quoting State v. Robinson, 200 N.J. 1, 20 (2009)).

Wang contends the denial violated his constitutional rights under the Second Amendment because "the interest of public health, safety or welfare" standard in N.J.S.A. 2C:58-3(c)(5) is "unconstitutionally vague or overbroad[,]" violates due process, and "constitutes an unconstitutional interest-balancing test." Although his brief cites a sentence in the hearing transcript to demonstrate

Application of Carlstrom, ___ N.J. ___, ___ (2020) (slip op. at 13) ("[A] Directive is an expression of [the] Court's constitutionally granted rule-making authority over all state courts.")

he raised this argument in the Law Division, in fact, Wang never challenged the constitutionality of New Jersey's statute at the hearing.

Notwithstanding that failure, the constitutional arguments lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2). We have already addressed and rejected these arguments. In re Dubov, 410 N.J. Super. 190, 196–97 (App. Div. 2009). Wang argues that the Supreme Court's holding in McDonald v. City of Chicago, 561 U.S. 742 (2010), compels a different result. However, we have since hewed to Dubov's reasoning and rejected all constitutional challenges. See In re Winston, 438 N.J. Super. 1, 10 (App. Div. 2014) (rejecting claim post-McDonald that N.J.S.A. 2C:58-3(c)(5) is unconstitutionally vague).

Wang contends that the judge: erred in concluding the issuance of an FPIC was not "in the interest of the public health, safety or welfare[;]" erroneously found Wang would not safely store or use a firearm; and denied the application based solely on the 2016 application, which, he argues, is not one of the statutory reasons for disqualification. We disagree.

N.J.S.A. 2C:58-3(c)(5) is "intended to relate to cases of individual unfitness, where, though not dealt with in the specific statutory enumerations, the issuance of the permit or identification card would nonetheless be contrary

to the public interest."  In re Osworth, 365 N.J. Super. 72, 79 (App. Div. 2003) (quoting Burton v. Sills, 53 N.J. 86, 91 (1968)).  "[A] judicial declaration that [an appellant] poses a threat to the public health, safety or welfare involves, by necessity, a fact-sensitive analysis[.]"  In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 505 (2016) (quoting State v. Cordoma, 372 N.J. Super. 524, 535 (App. Div. 2004)).  We "should accept a trial court's findings of fact that are supported by substantial credible evidence." Id. at 505–06 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 116 (1997)).

Here, the judge made specific credibility findings, particularly as to the testimony of Wang and Frangoulis regarding their prior interactions at the construction site.  He specifically found Frangoulis credible and Wang not credible.  He also attached significance to Wang's demeanor in the courtroom, particularly during Frangoulis's testimony.  We see no reason to reject those determinations.  The judge only questioned Wang's ability to safely store a weapon in the broader context of his general conclusion that Wang lacked the "temperament and . . . ability to seriously take the responsibility of owning and possessing a firearm[.]"

Wang never argued in the Law Division that evidence the OPD obtained during the 2016 investigation was inadmissible at the hearing, or that it could not form a basis for denial under N.J.S.A. 2C:58-3(c)(5). Indeed, the application form requires disclosure of prior applications that were rejected. Moreover, had the argument been raised, it would have correctly been rejected. "Section (c)(5) 'is "intended to relate to cases of individual unfitness, where, though not dealt with in the specific statutory enumerations, the issuance of the permit or identification card would nonetheless be contrary to the public interest."'" In re Z.L., 440 N.J. Super. 351, 356 (App. Div. 2015) (quoting In re Osworth, 365 N.J. Super. 72, 79 (App. Div. 2003)). Wang cites no authority for the proposition that police should ignore information obtained during an investigation of an FPIC application through means other than what is supplied by the applicant.

Lastly, Wang raises another argument that was never made in the Law Division, specifically that Chief Wicker never invited him to an informal conference prior to issuing the denial letter, and the Chief did not testify at the hearing or demonstrate good cause for any delegation of that duty to subordinates. We acknowledge the argument; the process employed by the OPD is not one we necessarily condone.

A-3482-17T4

Literally decades ago, in Weston v. State, the Court outlined the preferred procedure in the event an FPIC application is denied. 60 N.J. 36, 43–46 (1972). "[S]ince the statute directs issuance of the purchaser identification card unless good cause to the contrary appears, . . . an opportunity should be given to the applicant to discuss the matter with the Chief, to be informed of the reasons for the denial and to offer any pertinent explanation or information for the purpose of meeting the objections being raised." Id. at 43–44. At the hearing before the Law Division, the chief should "[o]rdinarily" testify along with "members of the police department who made the investigation and furnished reports to the Chief, any available lay or professional persons who furnished information which influenced the action taken by the Chief, and any admissible documentary evidence which played a part in the adverse decision." Id. at 46.

Here, it does not appear that Wang was accorded an opportunity to discuss the prospective denial of his 2017 application with Chief Wicker prior to receiving the formal denial letter. In addition, Chief Wicker did not testify, and there was no evidence demonstrating good cause for either deviation from the course charted by the Court in Weston.

In Dubov, we declined to remand to the chief who also failed to engage in a pre-decision conference. 410 N.J. Super. at 200–01 n.2. There, given the

10

applicant's counsel's discussions with the chief and the prosecutor's submissions in the Law Division, we concluded "th[e] case ha[d] proceeded past the point where there is any likelihood of informal resolution. Therefore, no purpose would be served at this late date in requiring the Police Chief to comply with the procedures set forth in Weston." Id. at 200 n.2.

Certainly, with respect to Chief Wicker's failure to appear as a witness at the hearing, had Wang's counsel objected, the judge would have been in a position to address the issue. Although we caution police departments against shortcutting the preferred procedures outlined by the Court in Weston, given the expansive hearing that took place here, we fail to see any reason to remand the matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3482-17T4